LININGER & METCALF COMPANY V. FRANK H. CLARK.

FILED MAY 17, 1905. No. 13,797.

Pleading: HARMLESS ERROR. New matter pleaded in a reply is constructively denied by the statute, and leave to amend an answer so as to put such matter formally in issue, although erroneous, is error without prejudice.

ERROR to the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*Mockett & Polk,* for plaintiff in error.

*George W. Berge, contra.*

AMES, C.

This action was begun in the county court by a petition in the usual form to recover on several promissory notes executed by the defendant to the plaintiff. The answer pleaded that the notes were given for the purchase price of a threshing machine bought by defendant from plaintiff, and that a consideration of the purchase was a warranty of the machine, which had been broken, and that as a consequence of the breach the sale was by consent of the parties rescinded, and the machine returned to the plaintiff, which, in consideration thereof, had agreed to cancel and surrender the notes sued upon. The reply, besides a general denial of new matter, admitted the return of the machine, but pleaded that the consideration of the return was not a rescission of the sale, but a special written agreement copied in the pleading, authorizing the plaintiff to sell the machine at public or private sale, and apply the funds, less expenses of sale, as a payment in whole or in part upon the notes in suit. Upon the issues thus framed there was a trial and a judgment for the defendant, from which an appeal was taken to the district court.

On the trial in the district court, upon pleadings identical with those above described, the defendant offered to prove that the instrument set forth in the reply was not and had never been in fact the agreement of the parties, but that the defendant had been induced to sign it by fraudulent representations and concealment of its contents, upon the supposition that it expressed the agreement to rescind pleaded in the answer, and nothing else. The evidence was objected to by the plaintiff and excluded by the court on the ground that the matter sought to be proved by it had not been pleaded. The defendant then applied for and obtained leave to amend his answer by pleading the matter thus excluded from evidence. The trial then proceeded to verdict and judgment for the defendant, and the plaintiff prosecutes this proceeding upon the single assignment of error that the amendment changed the issues upon which the case was tried in the county court, and was therefore improperly permitted to be made.

We think there was no error. The instrument pleaded in the reply was not mentioned in the petition, and, if it was procured under the circumstances detailed by the defendant, the latter had no reason to suspect its existence or, if he did suspect it, to anticipate that advantage would be attempted to be taken of it until it was in fact pleaded by the plaintiff. He had, therefore, neither occasion nor opportunity to plead concerning it in his answer. When the instrument was set out in the reply of the plaintiff, it stood constructively denied by the statute, and the defendant was entitled to maintain that denial by any evidence tending to show that it was not in fact a contract of the parties, or intentionally or knowingly executed by himself, but had been fraudulently procured. If the plaintiff had desired that the instrument should be impeached, if at all, by formal pleadings, he should have set it forth in his petition, so as to have afforded the defendant an opportunity for so doing. He could not deprive the defendant of opportunity for impeaching it by withholding it from the issues until the reply. Hence, we think, the court erred in excluding

the evidence when it was first offered and in ordering the amendment, but that the latter error was without prejudice because it did not in fact change the issues, and the former was cured by the subsequent admission of the evidence.

It is recommended that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.